## UNITED STATES v. DOMINGOS.

### (Circuit Court, N. D. Florida. December 2, 1911.)

SEAMEN (§ 34*)—SHANGHAIING—INFORMATION—SUFFICIENCY.

Cr. Code, § 82 (Act March 4, 1909, c. 321, 35 Stat. 1103 [U. S. Comp. St. Supp. 1909, p. 1414]), provides that "whoever with intent that any person shall perform service or labor of any kind on board any vessel * * * shall procure or induce, or attempt to procure or induce, another by force or threats or by representations which he knows or believes to be untrue, or while the person so procured or induced is intoxicated or under the influence of any drug, to go on board of any such vessel to perform service or labor thereon, shall be fined," etc. *Held*, that the essential element of the offense is taking aboard any person who has been procured or induced by force or threats or by false representations to enter the service of the vessel, and an information which failed to charge that a person taken aboard in an intoxicated condition was procured or induced by force or threats or by false representations to enter such service was demurrable.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 220–231; Dec. Dig. § 34.*]

Criminal prosecution by the United States against Joe Domingos. On demurrer to information. Demurrer sustained, and defendant discharged.

It appears from the admitted facts that the defendant, Joe Domingos, is the proprietor of a sailors' boarding house in the city of Pensacola, and by trade or profession what is commonly known as a "sailor runner," or "crimp," and from time to time furnishes to vessels in port seamen engaged in the foreign and domestic trade. The seaman William Mitchell, who claims that he is an Irishman and a British subject, was a boarder at defendant's boarding house, and was taken by the defendant to the consul, representing the Republic of Uruguay, where he signed shipping articles to perform service on board the Uruguayan steamship Oriental then about to depart on a foreign voyage. After signing the articles, he procured some necessary clothing at an establishment in the city, and, accompanied by the defendant, proceeded to the water front for the purpose of going out to the Oriental, and upon arrival at the boat landing on the water front was in an intoxicated condition. In fact, he was so intoxicated that upon arrival at the vessel he was hoisted aboard the ship by combined efforts of the defendant, a boatman, and the ship's tackle. He was placed in the forecastle of the ship, where he spent the night, and the next morning made complaint to the master of the vessel, and objected to remaining on board and continuing the voyage, for which he had signed articles. The master of the Oriental, not being familiar with the English language, sent Mitchell ashore to the consul. It is admitted that the consul would testify that at the time Mitchell signed the articles he showed signs of drinking, but was not at that time intoxicated to the extent that he did not understand the nature and obligations of the contract of shipping that he signed. No advance of money had been made on account of the ship to the sailor or the defendant before or at the time the information was filed. A hearing was had before the United States commissioner in which the above facts were developed. Upon the matter being reported to the United States attorney, he applied to the court for leave to file an information, which was granted, to which information the defendant's attorney filed a demurrer.

Fred C. Cubberly, U. S. Atty., and Worth W. Trammell, Asst. U. S. Atty.

Scott M. Loftin, for defendant.

SHEPPARD, District Judge (orally, after stating the facts as above). The defendant, Joe Domingos, is charged by an information here with a violation of section 82 of the Criminal Code, chapter 321, Acts of 1909, volume 35, Statutes at Large, p. 1103 (U. S. Comp. St. Supp. 1909, p. 1414), which section is taken from the original act of March 2, 1907, c. 2359, 34 Statutes at Large, 1233, and so much as is applicable to the specific charge made against this defendant reads as follows:

"Whoever with intent that any person shall perform service or labor of any kind on board of any vessel engaged in trade and commerce among the several states or with foreign nations, or on board of any vessel of the United States engaged in navigating the high seas or any navigable water of the United States, shall procure or induce, or attempt to procure or induce, another by force or threats or by representations which he knows or believes to be untrue, or while the person so procured or induced is intoxicated or under the influence of any drug, to go on board of any such vessel to perform service or labor thereon, shall be fined," etc.

The charge made by the information is substantially that defendant did unlawfully, with intent that the person William Mitchell should perform service and labor on board of a vessel engaged in trade and commerce with foreign nations, to wit, on board the Uruguayan steamship Oriental, and while said William Mitchell was in an intoxicated condition, did procure and induce said Mitchell to go on board said steamship Oriental with intent that said Mitchell should perform labor and service thereon as a seaman.

The defendant interposes a demurrer to the information on the ground that it does not allege that said Mitchell was procured or induced by force or threats, or by representations which defendant knew or believed to be untrue.

However reprehensible may be the practice of inveigling drunken seamen aboard ship for the purpose of signing them in contracts which they are incapable of comprehending, and whatever may have been the intention of Congress by this legislation to protect the unwary seamen from falling hapless victims to the ingenious snares of hospitable *runners,* if the legislative purpose was to prohibit the mere inducing of drunken seamen aboard ship for the purpose of shipping them in the service of the vessel, the statute falls lamentably short of the mark. From an inspection of section 82 in question, it will be seen that the offense denounced by express terms of the statute is the taking of any person aboard while intoxicated, to labor, who had been previously procured or induced to such service *by force or threats, or by representations known to be false.*

The essential element of the offense is taking aboard any person to the service of the vessel who had been procured or induced by force or threats or by false representations to enter such service, and, unless it is charged substantially that the person taken aboard in an intoxicated condition was "so procured or induced," it would fail to describe the offense denounced by the statute.

The information is bad therefore for omitting to charge the essential elements of the offense, and the United States attorney hav-

ing announced in court that the evidence would not sustain a charge embodying the necessary allegations to constitute the offense under the statute, the demurrer will be sustained, and the defendant discharged.